**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| ISADORE MIZELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-cv-1077 (KBJ) |
| | ) | |
| SUNTRUST BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Isadore Mizell ("Mizell"), who is proceeding *pro se*, filed the instant complaint in the Superior Court of the District of Columbia on June 18, 2013. Mizell alleges that Defendant SunTrust Bank ("Defendant" or "SunTrust") improperly closed the bank account for Mizell's travel agency business without first notifying him, (Complaint ("Compl."), ECF No. 1-1, ¶ 4), and maintains that Defendant is liable for defamation (Count I), and breach of contract (Count II). (*Id.* ¶ 14.) On July 15, 2013, Defendant removed the case to this Court. (Notice of Removal, ECF No. 1.) Three days later, on July 18, 2013, Defendant filed a motion to dismiss Mizell's complaint on the grounds that Mizell's claims were barred by the applicable statutes of limitation. (*See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 3, at 1-2.) Mizell subsequently filed a motion to remand the case to Superior Court on August 16, 2013. (Pl.'s Mot. to Remand ("Pl.'s Mot."), ECF No. 8, at 1.)

Both motions are currently before the Court. Because the Court concludes that Defendant appropriately removed the case to federal court, and that both of Mizell's claims are barred by the applicable statutes of limitation, Plaintiff's motion to remand

1

is **DENIED** and Defendant's motion to dismiss is **GRANTED**. An order consistent with this opinion will follow.

## I. BACKGROUND

Mizell is a businessman who resides in the District of Columbia. (Compl. ¶ 2.) He is the owner of the Mizell Travel Agency ("Travel Agency"), which is also located in D.C. (Compl. ¶ 4.) The Travel Agency had maintained an account with SunTrust, or its predecessor banks, since September 14, 1981. (*Id.* ¶¶ 5, 10.) According to the complaint, SunTrust closed the Travel Agency account on June 1, 2009, because two checks written on the account were returned as a result of insufficient funds. (*Id.* ¶ 4.) The complaint alleges that SunTrust sent no notification of the account's closure either to Mizell personally or the Travel Agency. (*Id.* ¶ 5.) The complaint further states that, for three weeks after the closure of the account, SunTrust continued to accept deposits (totaling more than $40,000), while at the same time refusing to honor any checks written on the account. (*Id.* ¶ 6.) In addition, the complaint maintains that SunTrust told other Travel Agency creditors—including credit card issuer CitiCorp—that the Travel Agency's bank account was "frozen," which resulted in those other creditors canceling their credit accounts with the Travel Agency. (*Id.* ¶ 7.) Mizell alleges that, in total, four of the Travel Agency's credit cards, representing a total of $110,000 in lines of credit, were cancelled. (*Id.* ¶ 8.) Moreover, Mizell contends that, because of his "frozen" bank account, the Travel Agency lost the services of one of its major business partners, American Airlines, which "severely hamper[ed]" the Travel Agency's ability to do business. (*Id.* ¶ 11.) Finally, Mizell asserts that, when he requested that Defendant remit to him the money that was on deposit in the SunTrust

2

bank account at the time that it was closed without notice, Defendant made him wait "another 10 days" before remitting the deposits, which further injured his ability to do business and damaged his reputation.  (*Id.* ¶ 12.)

Almost exactly four years later, on June 18, 2013, Mizell filed the instant complaint in D.C. Superior Court.  Based on the facts as alleged above, the complaint identifies two discrete claims.  The first is a defamation claim, based upon the allegation that Defendant used the word "frozen" to describe the bank account to Mizell's various creditors, and thereby caused him significant injury.  (*Id.* ¶ 14.)  The second is a claim for breach of contract, based upon the allegation that under the contract between Mizell and SunTrust, the bank was required to notify Mizell prior to closing the Travel Agency account.  (*Id.*)  Mizell seeks $500,000 in damages stemming from these two claims.  (*Id.* ¶ 15.)

On July 15, 2013, Defendant removed the case to this Court, basing the removal on diversity between the parties pursuant to 28 U.S.C. § 1332.  (Notice of Removal at 2.)  Three days later, on July 18, 2013, Defendant filed a motion to dismiss, or in the alternative, for summary judgment, under Federal Rule of Civil Procedure 12(b)(6), arguing that the applicable statutes of limitation bars both of Mizell's claims.  (Def.'s Mot. at 1-2.)  On August 6, 2013, this Court issued an order to show cause why the case should not be remanded to Superior Court, based upon the fact that Defendant's Notice of Removal had failed to establish adequately that the parties are indeed diverse, because the Notice stated only that Mizell was a "resident" of the District of Columbia.  (Order to Show Cause, ECF No. 5, at 1.)  Defendant responded to the Court's order to show cause on August 16, 2013, and Court issued an order discharging the order to

show cause on August 21, 2013.  (*See* Def.'s Response to Order to Show Cause, ECF No. 6; Minute Order of August 21, 2013.)[1]  Defendant subsequently filed an amended Notice of Removal, which properly stated Mizell's citizenship, on August 28, 2013.  (Amended Notice of Removal, ECF No. 11.)  In the interim, however, Mizell filed his own motion to remand the case to Superior Court, essentially arguing that allowing the case to remain in federal court would unfairly prejudice him.  (Pl.'s Mot. at 1.)  Consequently, there are two motions currently before the Court:  Mizell's motion to remand and Defendant's motion to dismiss the complaint, or in the alternative, motion for summary judgment.

## II. LEGAL STANDARDS

### A. Motions To Remand

"Federal courts are courts of limited jurisdiction and, therefore, the law presumes that "a cause lies outside of [the court's] limited jurisdiction." *Busby v. Capital One, N.A.*, 841 F. Supp. 2d 49, 52 (D.D.C. 2012) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).)  Nonetheless, "[a] defendant may properly remove a civil action from a state court when the federal district court has original subject matter jurisdiction." *District of Columbia v. Grp. Hospitalization & Med. Servs., Inc.*, 576 F. Supp. 2d 51, 53 (D.D.C. 2008); *see also* 28 U.S.C. § 1441.  Among other bases, federal district courts have original subject matter jurisdiction "over a case when citizens of different states are involved and the amount in controversy exceeds

---

[1] In its response to the order to show cause, Defendant pointed out that the complaint itself identified Mizell's place of residence as the District of Columbia, as well as providing a District of Columbia phone number for Mizell.  Defendant also noted that Mizell's publically available property tax records indicate that he is a citizen of the District of Columbia.  (Def.'s Response to Order to Show Cause, ECF No. 6, at 2-4.)  Mizell does not dispute these facts.

4

$75,000.00 exclusive of interest and costs." *Nwachukwu v. Karl*, 223 F. Supp. 2d 60, 65 (D.D.C. 2002); *see also* 28 U.S.C. § 1332.

When a plaintiff seeks to have a case that has been removed to federal court remanded back to state court, "[t]he party opposing a motion to remand bears the burden of establishing that subject matter jurisdiction exists in federal court." *Int'l Union of Bricklayers & Allied Craftworkers v. Ins. Co. of the West*, 366 F. Supp. 2d 33, 36 (D.D.C. 2005). Moreover, "[c]ourts must strictly construe removal statutes," and "must resolve any ambiguities concerning the propriety of removal in favor of remand." *Busby*, 841 F. Supp. 2d at 53.

### B. Motions To Dismiss Pursuant To Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a party may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must comply with Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This requirement is meant to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

"Although 'detailed factual allegations' are not necessary to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must furnish 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Busby v. Capital One, N.A.*, 932 F. Supp. 2d 114, 133 (D.D.C. 2013) (quoting *Twombly*, 550 U.S. at 555). In other words, the plaintiff must provide "more than an

5

unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Mere conclusory statements" of misconduct are not enough to make out a cause of action against a defendant. *Id.* Rather, a complaint must contain sufficient factual allegations that, if true, "state a claim to relief that is plausible on its face[,]" *Twombly*, 550 U.S. at 570, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged[,]" *Iqbal*, 556 U.S. at 678.

In deciding whether to grant a 12(b)(6) motion to dismiss, "[t]he court must view the complaint in a light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations." *Busby*, 932 F. Supp. 2d at 134 (citation omitted). But even so, the court "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint[.]" *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Nor is the court "bound to accept as true a legal conclusion couched as a factual allegation[.]" *Twombly*, 550 U.S. at 555 (citation omitted).

Moreover, while the pleadings of *pro se* parties are to be "liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[,]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal quotation marks and citations omitted), "[t]his benefit is not . . . a license to ignore the Federal Rules of Civil Procedure." *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009) (citation omitted). Rather, "even though a *pro se* complaint must be construed liberally, the complaint must still 'present a claim on which the Court can grant relief.'" *Budik v. Dartmouth-Hitchcock*

6

*Med. Ctr.*, 937 F. Supp. 2d 5, 11 (D.D.C. 2013) (quoting *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002)); *see also Moore v. Motz*, 437 F. Supp. 2d 88, 90 (D.D.C. 2006) (noting that "[e]ven a pro se plaintiff's inferences" need not be accepted if they "are unsupported by the facts set out in the complaint" (citation omitted)); *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981) (same).

Finally, it is clear that "[a] defendant may raise the affirmative defense of statute of limitations via a Rule 12(b)(6) motion when the facts that give rise to the defense are clear from the face of the complaint." *Derringer v. Emerson*, 729 F. Supp. 2d 286, 289 (D.D.C. 2010) *aff'd*, 435 F. App'x 4 (D.C. Cir. 2011) (internal quotation marks and citations omitted); *see also Lewis v. Bayh*, 577 F. Supp. 2d 47, 51 (D.D.C. 2008) (same).

### III. ANALYSIS

#### A. Mizell's Motion To Remand This Case To Superior Court Must Be Denied

The federal removal statute, 28 U.S.C. § 1441, provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Through this statute, Congress has granted defendants the right to remove state cases to federal district courts, provided that they demonstrate that the district court would otherwise have had original jurisdiction over the matter. Notably, this is a defendant's clear prerogative: neither the state court nor the federal court has any discretion or control over whether the case will be removed, so long as it meets the

7

jurisdictional requirement. *See, e.g.*, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 137 (2005) ("[T]he removal statute grants defendants a right to a federal forum.")

Here, Mizell's motion to remand complains that as a *pro se* litigant lacking the resources of his corporate adversary, he would be prejudiced by having the case go forward in federal court, and asks this Court to remand his case on this basis. (Pl.'s Mot. at 1.) But Mizell does not, and cannot, show that prejudice is part of the remand analysis. Indeed, Mizell's only recourse is to assert that Defendant is unable to meet the jurisdictional threshold, but this he cannot do because Defendant has easily carried that burden in this case. As noted above, the diversity jurisdiction statute provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different States[.]" 28 U.S.C. § 1332. Here, in response to the order to show cause, Defendant has already demonstrated to the Court's satisfaction that diversity of citizenship exists because Plaintiff is a citizen of the District of Columbia and Defendant is a citizen of Georgia. (*See* Def.'s Response to Order to Show Cause, ECF No. 6; *see also* Minute Order of August 21, 2013.) Moreover, Mizell's complaint asks for $500,000 in damages; thus, the amount-in-controversy requirement is satisfied. (Compl. ¶ 15.) Finally, this Court notes that Mizell filed his complaint in Superior Court on June 18, 2013, and Defendant filed its Notice of Removal in this Court on July 15, 2013, so the thirty-day statutory time limit applicable to the filing of a removal notice in this case, *see* 28 U.S.C. § 1446(b), provides no basis for its remand.

Based on this analysis, this Court concludes that Defendant has carried its burden of demonstrating original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Consequently, Mizell's motion to remand must be denied.

### B. The Applicable Statutes Of Limitation Bar Mizell's Claims

Defendant's Rule 12(b)(6) motion to dismiss is predicated upon the argument that Mizell's claims the applicable statutes of limitations for defamation and breach of contract under District of Columbia law bar Mizell's claims in this case. (Def.'s Mem. in Supp. of Mot. to Dismiss ("Def.'s Br."), ECF No. 3-1, at 2-3.) For the reasons set forth below, this Court agrees.

The District of Columbia provides a one-year statute of limitations for defamation claims. D.C. Code § 12-301(4); *see also Ray v. Olender*, 13-cv-1834, 2013 WL 6124280, *1 (D.D.C. Nov. 21, 2013). "Defamation occurs on publication, and the statute of limitations runs from the date of publication." *Owens v. District of Columbia*, 631 F. Supp. 2d 48, 56 (D.D.C. 2009) (internal citations and quotation marks omitted). Mizell's defamation claim rests on Defendant's alleged characterization of the bank account as "frozen" in communications with Mizell's creditors. (Compl. ¶ 14.) The complaint indicates that Mizell was notified by his credit card company that his account was "frozen" on June 19, 2009—almost four years to the day before Mizell filed his complaint in this case, and far outside the applicable statute of limitations. (Compl. ¶ 7.) Accordingly, Mizell's defamation claim is time barred.

The same is true of Mizell's breach of contract claim. The applicable statute of limitations for breach of contract in the District of Columbia is three years. D.C. Code § 12-301(7); *see also LoPiccolo v. American University*, 840 F. Supp. 2d 71, 77 (D.D.C.

9

2012).  Under D.C. law, "[a] cause of action for breach of contract accrues, and the statute of limitations begins to run, at the time of the breach."  *James v. Miche Bag Corp.*, 11-cv-0963, 2013 WL 5346071 (D.D.C. Sept. 25, 2013).  Here, Mizell's breach of contract claim is based on the fact that SunTrust failed to notify him when it closed his account.  (Compl. ¶ 14.)  The complaint does not specify whether there was a contractually mandated period of time within which SunTrust was obligated to inform Mizell of the closure.  However, it is clear from the complaint that the events in question occurred at least as of June of 2009, and that Mizell was aware of the closing of the account in that same time frame.  (Compl. ¶¶ 4, 6-7, 12.)  Accordingly, to comply with the statute of limitations, Mizell was required to file his breach of contract complaint by June of 2012, but he did not, in fact, file the complaint until a year later. Mizell's breach of contract claim is therefore also time barred.  *See, e.g.*, *Yung v. Institutional Trading Corp.*, 11-cv-0857, 2012 WL 893070 (D.D.C. Mar. 15, 2012) (dismissing pro se breach of contract complaint for failure to comply with three-year statute of limitations under D.C. law); *Dasisa v. Univ. of D.C.*, 05-cv-1397, 2006 WL 949925 (D.D.C. Apr. 12, 2006) (same).

In his opposition to Defendant's motion to dismiss, Mizell appears to argue that some kind of equitable tolling of the statute of limitations should apply to his claims. Specifically, the opposition states that Mizell "tried in good faith over a period of two years, to reach some resolution to the crisis[.]"  (Def.'s Opp. to Mot. to Dismiss, ECF No. 7, at 3.)  But, as a general matter, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Pace v. DiGuglielmo*,

544 U.S. 408, 418 (2005). And, here, Mizell's single statement suggesting a potential reason for the tardy filing of his complaint is manifestly insufficient to provide grounds for the equitable tolling of the relevant statutes of limitation. Indeed, the very fact that Mizell eventually filed a complaint that, on its face, demonstrates that he has known about the relevant facts since 2009, undermines his argument that equitable tolling is appropriate here. *See, e.g.*, *Chung v. DOJ*, 333 F.3d 273, 278 (D.C. Cir. 2003) (equitable tolling applies when, "despite all due diligence," a plaintiff is "unable to obtain vital information bearing on the existence of his claim.") (internal quotation marks and citations omitted); *Barbett v. Logistics Application, Inc.*, 845 F. Supp. 2d 164, 168 (D.D.C. 2012) (finding that equitable tolling was not applicable where plaintiff knew that defendant had a role in causing the alleged injury).

## IV. CONCLUSION

For the reasons set forth above, Mizell's motion to remand is **DENIED**, and Defendant's motion to dismiss is **GRANTED**. Accordingly, as set forth in the accompanying order, this case is dismissed in its entirety.

DATE: March 18, 2014

*Ketanji Brown Jackson*
KETANJI BROWN JACKSON
United States District Judge

11